**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| YOHAN LOPEZ <br> 8214 14th Avenue, Apt. 301 <br> Langley Park, MD 20783 <br><br> PLAINTIFF, <br><br> v. <br><br> DETAILING DYNAMICS, INC. <br> 201 Ritchie Road, Suite B <br> Capitol Heights, MD 20743 <br><br> Serve: Lawrence A. Dawkins <br> 10809 King Edward Drive <br> Upper Marlboro, MD 20772 <br><br> and <br><br> LAWRENCE A. DAWKINS <br> 10809 King Edward Drive <br> Upper Marlboro, MD 20772 <br><br> DEFENDANTS. | Case No.: 8:22-cv-551 |

**COMPLAINT**

**I.   INTRODUCTION**

1. The plaintiff, Yohan Lopez ("Plaintiff"), by and through undersigned counsel, submits this Complaint against the defendants, Detailing Dynamics, Inc. ("DDI") and Lawrence A. Dawkins ("Dawkins") (collectively, "Defendants") to recover damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.*

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is appropriate in the District of Maryland pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III.     THE PARTIES

4.     Plaintiff is an adult resident of Maryland.

5.     Defendant DDI is and, at all relevant times, was a Maryland corporation operating an automobile detailing business located at 201 Ritchie Road, Suite B, Capitol Heights, MD

6.     Defendant Dawkins is an adult resident of Maryland and the owner and manager of DDI, who controlled the day-to-day operations of DDI, including its employment practices, at all relevant times.

7.     Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1) and Maryland law.

8.     Plaintiff was an employee engaged in commerce and/or employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a)(1).

9.     Defendants were each and all Plaintiff's employers as that term is defined by 29 U.S.C. §203(d), and Md. Code Ann., Lab. & Empl. §§3-401(b) and §3-501(b).

## IV.     STATEMENT OF FACTS

10.     Plaintiff worked for Defendants as an automobile detailer from April 19, 2021,

until January 25, 2022.

11. Plaintiff routinely worked Monday through Saturday of each week, from 8:00 a.m. until 4:30 p.m., with a half-hour break for lunch, for a total of 48 hours per week.

12. Defendants paid Plaintiff at the rate of $10.00 per hour at all times.

13. Defendants had less than 15 employees at all relevant times.

14. The Maryland minimum wage applicable to employers of 14 or fewer employees was $11.60 at all relevant times through December 31, 2021.

15. The Maryland minimum wage applicable to employers of 14 or fewer employees was $12.20 at all relevant times since January 1, 2022.

16. Defendants never paid Plaintiff overtime at the rate of one and one-half times his hourly rate for all hours over forty worked in each one-week period.

17. Defendants did not pay Plaintiff any wages for the last three weeks of his employment, when Plaintiff worked 51 hours, 42 hours, and 61 hours per week, respectively.

## V.  COUNT ONE: FLSA AND MWHL OVERTIME VIOLATIONS

18. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

19. Defendants' failure to pay Plaintiff wages at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty in each one-week period violates both, 29 U.S.C. §207 and Md. Code Ann., Lab. & Emp. §3-415.

20. Defendants' failure to pay overtime wages as required by 29 U.S.C. §207 and Md. Code Ann., Lab. & Emp. §3-415 was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the FLSA and MWHL but did not do so.

21. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages and

consequential damages.

## VI.     COUNT TWO: MWHL MINIMUM WAGE VIOLATIONS

22.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

23.     Defendants' failure to pay Plaintiff at least the Maryland minimum wage for each hour worked violates Md. Code Ann., Lab. & Emp. §3-413(b).

24.     Defendants' failure and refusal to pay Plaintiff at least the Maryland minimum wage was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the MWHL but did not do so.

25.     As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages and consequential damages.

## VII.    COUNT THREE: MWPCL WAGE PAYMENT VIOLATIONS

26.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

27.     Defendants' failure to pay Plaintiff all wages due for the work Plaintiff performed violates Md. Code Ann., Lab. & Emp. §§3-501 *et seq*.

28.     Defendants' failure to pay all wages due to Plaintiff as required by the MWPCL was not a result of a *bona fide* dispute.

29.     As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages and consequential damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to pay to Plaintiff all wages owed, consistent with the Fair Labor Standards Act, Maryland Wage and Hour Law, and Maryland Wage Payment and Collection Law;

2. Award Plaintiff liquidated damages for all wages owed pursuant to 29 U.S.C. §216(b) and Md. Code Ann., Lab. & Emp. §3-427(a)(2);

3. Award Plaintiff punitive (treble) damages for all wages owed pursuant to Md. Code Ann., Lab. & Emp. §3-507.2(b);

4. Award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216 and Md. Code Ann., Lab. & Emp. §§ 3-427(a)(3) and 3-507.2(b);

5. Award Plaintiff pre-judgment and post-judgment interest; and

6. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

*/ s / Mariusz Kurzyna*

Mariusz Kurzyna (Bar No. 20284)
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiff*